UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KATHRYN JORDAN,                              MEMORANDUM DECISION
                                                       AND ORDER
                    Plaintiff,                    02-CV-10144 (GBD)

        -against-

VERIZON CORPORATION,

                    Defendant.
------------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   Plaintiff, Kathryn Jordan, commenced her original action on December 23, 2002, against defendant, Verizon Corporation, claiming discrimination on the basis of gender, age, and disability under federal, state, and local laws, and wrongful denial of enhanced disability benefits under defendant's Long Term Disability Plan.

   This case was originally assigned to United States District Judge Shira Scheindlin and referred to Magistrate Judge Gabriel Gorenstein for settlement discussions. On May 25, 2004, plaintiff along with her two lawyers, and defense counsel with a Verizon representative, participated in a settlement conference before Magistrate Judge Gorenstein. At the end of the conference, the magistrate judge proposed a settlement. He gave the parties until the following day to agree. On May 26, 2004, plaintiff's attorney informed counsel for the defendant that plaintiff had agreed to the settlement. Defendant drafted an agreement memorializing the terms of the settlement and, on June 1, 2004, sent plaintiff's attorney the initial draft. On July 14, 2004, plaintiff signed a release and the final settlement agreement.

   On July 23, 2004, the parties appeared before Judge Scheindlin for a status conference. It was at this conference that Judge Scheindlin responded to various communications the plaintiff had directly sent to the judge, concerning plaintiff's displeasure with her attorney and the already

1

agreed-upon settlement.  Judge Scheindlin immediately informed plaintiff that the purpose of the conference was not further settlement discussion–as a settlement had already been agreed to by the parties–but rather, the conference had been a regularly scheduled status conference in the case.  The issue discussed at the conference was plaintiff's dissatisfaction with her attorney and the terms of the signed agreement.  Although the July 23 conference was not a settlement conference, Judge Scheindlin managed to further facilitate negotiations between plaintiff and defendant, securing plaintiff's desired exit interview.  This was an additional concession, previously sought by plaintiff, to which defendant had objected.  Plaintiff represented that it was the final stumbling block to her satisfaction with of the settlement agreement.   On August 27, 2004, Judge Scheindlin entered a judgment dismissing the case with prejudice pursuant to that final renegotiated agreement.

Notwithstanding the fact that plaintiff accepted and signed a settlement agreement, plaintiff *pro se* appealed the judgment entered pursuant to that settlement.  In its decision, the United States Court of Appeals for the Second Circuit noted that "[a] settlement agreement is a contract that can only be invalidated upon a showing of fraud, duress, illegality, or mutual mistake."  Jordan v. Verizon Corp., No. 04-5581CV, 2005 WL 3116750, at *2 (2d Cir. Nov. 22, 2005) (citing Janneh v. GAF Corp., 887 F.2d 432, 436 (2d Cir. 1989)).  Although the Second Circuit did not opine on the merits of plaintiff's liberally construed fraud or duress claims, the Circuit Court did note that plaintiff had affirmatively agreed to the settlement agreement on two different occasions.  The Second Circuit affirmed the District Court's judgment without prejudice, thereby allowing her to pursue a Rule 60(b) motion in district court with an opportunity to put forth sufficient facts to support her claims.  Id.

Plaintiff filed a *pro se* Rule 60(b) motion to vacate the judgment alleging that: (1) she was coerced into executing the settlement through threats of litigation and sanctions; (2) she was

denied adequate time to consider the proposed settlement under contract law and the Older Workers Protection Act, and denied accommodation under the Americans with Disabilities Act; (3) defendant fraudulently misrepresented the facts about the terms, value, and benefits of the proposed settlement, and that attorneys for both sides agreed to settle, without her consent; (4) defendant negotiated in bad faith to defraud her of her ERISA pension rights, and her right to litigate her claims; and (5) new material evidence had been discovered that was suppressed by defendant in discovery. The motion was reassigned to this Court, which subsequently referred the matter to Magistrate Judge Ronald L. Ellis for a Report and Recommendation ("Report"). On August 31, 2007, Magistrate Judge Ellis issued his Report, recommending that this Court deny plaintiff's motion to vacate.

In his Report, Magistrate Judge Ellis informed the parties of their right to submit objections to the Report and advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. On September 10, 2007, Plaintiff sent a letter to this Court objecting to the Report and informing the Court that formal objections were forthcoming. In her letter, plaintiff, again, accused defendant of fraud, and defense counsel and the presiding judges of improperly pressuring plaintiff into settling.

Subsequently, plaintiff sent this Court formal objections. In her objections, plaintiff again alleged that both Magistrate Judge Gorenstein and District Judge Scheindlin acted in concert with defense counsel and plaintiff's allegedly errant attorney to coerce plaintiff into accepting a settlement agreement to which she was not amenable.

The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The Court must make a "*de novo* determination of those portions of the Report or specified proposed findings or recommendations to which an objection is made." 28 U.S.C. §

636(b)(1)(C); see also Fed. R. Civ. P. 72(b). It is not required, however, that the Court conduct a *de novo* hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the magistrate judge's proposed "findings and recommendations." Raddatz, 447 U.S. at 676. Where there are no objections, the Court may accept the Report provided there is no clear error on the face of the record. Nelson, 618 F. Supp. at 1190; see also, Heisler v. Kralik, 981 F. Supp. 830, 840 (S.D.N.Y. 1997), aff'd sub nom, Heisler v. Rockland County, 164 F.3d 618 (2d Cir. 1998). Since plaintiff is proceeding *pro se*, her objections, as well as her other pleadings, are to be liberally construed and interpreted to raise the strongest argument they suggest. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The magistrate judge found plaintiff's allegations implicated three provisions of Rule 60(b), which, if proved, might entitle plaintiff to relief from a final judgment: Rule 60(b)(2), which addresses newly discovered evidence; Rule 60(b)(3), which covers fraud and bad faith by the adverse party; and Rule 60(b)(6), which covers "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(2), (3), & (6). After analyzing the transcripts of the court proceedings and the total record of the case, Magistrate Judge Ellis opined that, as to all relevant sections of 60(b), plaintiff failed to meet her burden of proof. The magistrate judge, therefore, recommended plaintiff's motion for relief from a final judgment be denied.

In recommending a denial of plaintiff's 60(b)(2) claim, the magistrate judge found that plaintiff failed to explain why she was unable to procure what plaintiff purported to be new

4

evidence through satisfactory efforts, or how that evidence would have changed the outcome of the case, a requirement under the Rule. See Fed. R. Civ. P. 60(b)(2). Magistrate Judge Ellis also found no facts in support of plaintiff's 60(b)(3) claim that defendant acted in bad faith to defraud plaintiff. Lastly, the magistrate judge found no evidence to constitute "extraordinary circumstances justifying relief" for plaintiff under Rule 60(b)(6). The record shows that during all stages of the settlement process, plaintiff was competent to make settlement decisions and had appropriate legal representation throughout the settlement process. Magistrate Judge Ellis found no evidence that defendant, or any lawyer or judge presiding over the matter, had improperly influenced plaintiff's voluntary decision to settle her claims.

Plaintiff objects to Magistrate Judge Ellis' recommendation that plaintiff's Rule 60(b)(2) motion be denied because plaintiff had not specified any new evidence, or how such evidence would have influenced the outcome of the litigation. Plaintiff claimed that the magistrate judge's finding that newly available evidence would not have affected the outcome of her case was erroneous.

To succeed on a Rule 60(b)(2) motion, the "movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching." Id., (quoting United States v. IBT, 179 F.R.D. 444, 447 (S.D.N.Y.1998)). The evidence plaintiff claimed was newly available was: (1) her subsequent identification of a witness, an employee at the Verizon Benefits Center, who was "the person plaintiff had corresponded with during her employment in 2000 and 2001 about the disputed LTD claims"; (2) "new documents related to plaintiff's long term disability claim"; and (3) "documents related to any benefits that plaintiff had or was

5

eligible for." (Plaintiff's Memorandum of Law in Support of Motion to Vacate Judgment at 22). Plaintiff asserts that had she "known of the existence of this important evidence, she would never have considered entering into Settlement with the Defendants, even if it had been voluntary." Id. at 37. Plaintiff's argument, that her settlement agreement should be invalidated since she had imperfect information during the course of settlement discussions, is unpersuasive. Plaintiff fails to state any evidentiary value of this alleged evidence or how it would have had any affect on the merits of her claim. She, therefore, fails to meet the "onerous" burden of proof required by Rule 60(b)(2).

Plaintiff also objects to the magistrate judge's recommendation that plaintiff's Rule 60(b)(3) motion be denied based upon his finding that plaintiff could not show misrepresentation, fraud, or "misconduct by clear and convincing evidence" on the part of defendant, or how "the misconduct substantially interfered with the [her] ability to present the case fully and fairly." See, e.g., State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (citations omitted); Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Rule 60(b)(3) provides relief to the movant where the adverse party has committed fraud, misconduct, or misrepresentation. Fed. R. Civ. P. 60(b)(3). Plaintiff makes general allegations that defendant, at various instances, acted "in bad faith,"and in "breach [of] the agreement," and deceived the court and plaintiff. A review of the record reveals no evidence to support plaintiff's claim that defendant engaged in any behavior that would rise to the level of fraud. Conclusory allegations of fraud alone are not sufficient to overcome plaintiff's Rule 60(b)(3) burden to specifically show misrepresentation, fraud, or misconduct by clear and convincing evidence.

Magistrate Judge Ellis also determined that plaintiff was not entitled to relief under the catchall provision of Rule 60(b)(6) because she made no showing of extraordinary

6

circumstances. In her submissions, plaintiff repeatedly alleges that she was coerced into settling her claims. Plaintiff also disagreed with Judge Ellis' reading of the record that she was represented by counsel at the July 23, 2004 settlement conference, since she emphasizes that the attorney present had moved to withdraw from representation on July 12, 2004. To that end, plaintiff argued that the court should have granted her leave to secure new counsel, which apparently would have been her fourth, thereby affording her the opportunity to renegotiate another settlement agreement. Lack of adequate counsel following the July 23 conference, plaintiff argues, was also the reason she did not negotiate a rescission clause into the settlement agreement.

The evidence indicates that no one involved in this matter ever acted improperly, and that the court proceeded with the highest regard and care for the parties and claims before it.[1] During the settlement talks, plaintiff was represented by counsel and both parties had adequate time to accept or reject the settlement agreement proposed by Magistrate Judge Gorenstein. The plaintiff accepted the agreement after the May 25, 2004 settlement conference and signed the written agreement almost two months later on July 14, 2004. In fact, the record reflects that, on two separate occasions, plaintiff personally acknowledged her consent to the settlement agreement: first, when she signed the settlement agreement and delivered it to the defendant, and again, when she expressed consent to the agreement before Judge Scheindlin at the July 23 conference. Plaintiff did not have a right to renegotiate new terms after she agreed to the magistrate judge's proposal and signed the settlement agreement on July 14, 2007. She certainly did not have a right to renegotiate new terms after she willingly and knowingly reaffirmed her agreement to the

---

[1] Neither Judge Scheindlin's realistic admonition about the costs and benefits of litigation, nor defendant's legally permissible threat of litigation, constitutes extraordinary circumstances for which plaintiff is entitled to relief under Rule 60(b)(6).

agreement to the settlement in front of Judge Scheindlin at the July 23 conference. Plaintiff cannot ask this Court to disregard plaintiff's bargained for agreement simply because she is now dissatisfied with the after effect of that agreement. See Andulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994) (Rule 60(b) "does not allow district courts to indulge a party's discontent over the effects of its bargain.") (internal citation omitted).

Moreover, beyond the fact that there is no evidence in the record that plaintiff was coerced into settlement by any judge or party to the litigation, plaintiff's Rule 60(b)(6) claim cannot independently proceed. The broad sweep of Rule 60(b)(6) is not available to a plaintiff where the basis for the Rule 60(b) motion may be construed under any other clause of Rule 60(b). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 n. 11 (1988) (citing Klapprott v. United States, 335 U.S. 601, 613 (1949)). Plaintiff has asserted the motion under Rule 60(b)(2) and (3) as well under Rule 60(b)(6). The motion will not be separately construed under Rule 60(b)(6) based on those same grounds.

Upon *de novo* review of the instant matter, this Court determines that the magistrate judge's findings are supported by the record. Plaintiff's objections are without merit. There are no facts to support a conclusion that defendant made any intentional misrepresentations, negotiated in bad faith, or suppressed evidence. The record also fails to support any finding of duress or coercion. This Court adopts Magistrate Judge Ellis' Report in its entirety. Plaintiff's motion for relief from a final judgment is DENIED.

Dated: December 27, 2007
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

8